UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIVACY-ASSURED INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ACCESSDATA CORPORATION LIMITED et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-275 CW<br><br>Judge Clark Waddoups |

This matter is before the court on two issues. First, Plaintiff has filed its complaint based on diversity jurisdiction. "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotations and citation omitted). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *Kuri v. Matrix Ctr.*, 647 Fed. Appx. 867, 868 (10th Cir. 2016).

"For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citations omitted). Both must therefore be pled.

For business entities other than a corporation, the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quotations and citation omitted); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

With respect to natural persons, diversity is also based on the person's citizenship. "'[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction.'" *Reece v. AES Corp.*, 638 Fed. Appx. 755, 769 (10th Cir. 2016) (quoting *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). To establish citizenship, the person's domicile must be alleged. *Martinez v. Martinez*, 62 Fed. Appx. 309, 313 (10th Cir. 2003) (citation omitted). "Domicile . . . is the combination of physical presence in a location and an intent to remain there indefinitely." *Id.* (citing *Miss. Bank of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1989)).

Finally, when a case originates in federal court (as opposed to being removed to federal court), the general rule is "the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action."[1] *Lee v. Airgas – Mid South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (citing 13F Charles Alan Wright, et al., Federal Practice &

---

[1] If a case is removed to federal court, an exception exists for Doe defendants. *See* 28 U.S.C. § 1441(b)(1).

Procedure, § 3642 (3d ed. 2009)).  This court has followed the general rule and requires that a good-faith allegation be made as to the citizenship of Doe defendants.  *See e.g.*, *Van de Grift v. Higgins*, 757 F. Supp. 2d 1139, 1141 (D. Utah 2010); *Pia v. Supernova Media, Inc.*, No. 2:09-cv-840, 2010 U.S. Dist. LEXIS 120050 (D. Utah Nov. 8, 2010).

In this case, Plaintiff has not satisfied these requirements for the business entities, natural persons, or Doe defendants.  The court therefore requests that Plaintiff properly plead the citizenship of these parties **on or before November 4, 2016**.  If diversity jurisdiction is not established, this case will be dismissed.

The second matter before the court is a Notice of Bankruptcy Filing.  The Notice states that AccessData Corp. "filed for the equivalent of Chapter 7 bankruptcy protection in the United Kingdom."  Notice, at 1 (Dkt. No. 24).  Plaintiff has filed a response to the Notice.  The court requests that Defendants AccessData Corporation Limited, Simon Whitburn and Timothy Leehealy file a reply **on or before November 4, 2016**.  Failure to do so shall be taken as consent for Plaintiff's to continue with its present claims in this matter (provided it is able to establish diversity jurisdiction).

SO ORDERED this 19th day of October, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Judge