# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **PRIVACY-ASSURED, INC.**, a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ACCESSDATA CORPORATION LIMITED**, a corporation organized under the laws of England and Wales; **ACCESSDATA GROUP, INC.**, a Delaware corporation; **TIMOTHY LEEHEALY**, an individual; **SIMON WHITBURN**, an individual; and **JOHN DOES 1-10**,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00275-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are third-party movant William Fountain's ("Fountain") motion to quash subpoena and for protective order to stay third-party subpoena to Fountain (the "Motion to Quash")[2] and defendant Accessdata Group's ("Defendant" or "ADG") motion joining in the Motion to Quash (the "Motion to Join").[3] The court ordered additional briefing on the Motion to Quash and the Motion to Join.[4] In response to the order for

---

[1] *See* docket no. 35.

[2] *See* docket no. 43.

[3] *See* docket no. 45.

[4] *See* docket no. 50.

additional briefing, Fountain and Defendant filed a joint memorandum[5] and joint reply[6] in support of the Motion to Quash (the "Joint Memo," and the "Joint Reply," respectively).

Also before the court is plaintiff Privacy-Assured, Inc.'s ("Plaintiff" or "Privacy-Assured") motion to amend the scheduling order.[7] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## I.   The Motion to Quash and the Motion to Join

In the Motion to Quash and Motion to Join, Defendant and Fountain move to quash the subpoena served on Fountain by Plaintiff on November 20, 2018 (the "Subpoena"), and for a protective order protecting Fountain from the deposition sought by the Subpoena. Defendant and Fountain argue that Fountain should not be compelled to testify in a deposition because, as former in-house counsel for ADG, he is shielded by the Tenth Circuit's rule in *Thiessen v. Gen. Elec. Capital Corp.* limiting depositions of a party's counsel to only very narrow circumstances. *See* 267 F.3d 1095, 1112 (10th Cir. 2001) (finding the district court did not abuse its discretion by applying the rule announced in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986): "[D]epositions of opposing counsel should be limited to circumstances where the party seeking to take the deposition has shown that: (1) no means exist to obtain the information other

---

[5] *See* docket no. 54.

[6] *See* docket no. 56.

[7] *See* docket no. 57.

than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case").

In addition, Fountain and Defendant argue that even if the court declines to enter a protective order based on Fountain's role as former in-house counsel, the Subpoena should still be quashed. Fountain asserts that "[a]s legal advisor to [ADG], much of the knowledge Fountain possesses relevant to this time period and these issues is privileged."[8] And, because too much time has passed since Fountain was employed by ADG, according to Fountain and Defendant, "Fountain is justly concerned that his deposition may lead to inadvertent disclosure of privileged information."[9]

The court is unpersuaded by the arguments set forth in the Joint Memo. First, the rule upon which Fountain and Defendant rest their argument applies to opposing counsel. While Fountain and Defendant admit that "there is some disagreement among (and sometimes within) the circuits," they ask the court to extend this rule to apply to not only in-house counsel as some courts have done, but also to *former* in-house counsel. In support of this request, the Joint Memo cites two cases, both of which are outside of the Tenth Circuit and factually distinguishable from the instant case. Thus, the court declines to extend the application of the *Shelton* factors to former in-house counsel in this case.

Furthermore, the Subpoena seeks to depose Fountain regarding the Shared Services Agreement between AccessData Corporation Limited ("ADC") and ADG, and the Distributor Agreement between ADC and Privacy-Assured. Fountain signed both of these agreements. "In a

---

[8] Docket no. 54 at 4.

[9] *Id.* at 9.

3

corporate setting, a party may successfully demonstrate applicability of the privilege to written communication between corporate and management employees by establishing that the communication was made in confidence for the primary purpose of obtaining legal advice." *Chevron Pipe Line Co. v. Pacificorp*, No. 2:12-CV-287-TC-BCW, 2016 WL 10520301, at *3 (D. Utah Feb. 22, 2016) (internal quotation marks, alterations, and citation omitted). However, "documents are not protected if they relate to . . . general business . . . matters." *Id.* (internal quotation marks and citation omitted). The court concludes that Fountain and Defendant have failed to demonstrate how the topics set forth in the Subpoena, or the signing of the agreements is protected by attorney-client privilege.

Accordingly, the Motion to Quash and the Motion to Join are denied. Privacy-Assured will be allowed to depose Fountain regarding all non-privileged matters. At the deposition, Fountain may assert attorney-client privilege on a question-by-question basis as appropriate. But, the court warns Fountain that he may not assert a blanket privilege covering the entire deposition.

## II. The Motion to Amend the Scheduling Order

Next, Privacy-Assured seeks to amend the scheduling order[10] by extending the fact discovery deadline, and all other deadlines, by sixty days. The court finds that there is good cause to amend the scheduling order as requested. Accordingly, the motion to amend the scheduling order is granted, and the court will enter Privacy-Assured's proposed amended scheduling order concurrently with this order.

---

[10] *See* docket no. 39.

## CONCLUSION

In summary, for the reasons set forth above, the court hereby **DENIES** the Motion to Quash,[11] and the Motion to Join,[12] as detailed above; and **GRANTS** the motion to amend the scheduling order.[13]

**IT IS SO ORDERED**.

**DATED** this 22nd day of April, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[11] *See* docket no. 43.

[12] *See* docket no. 45.

[13] *See* docket no. 50.