SHAWN H. ROBINSON  #7295
RANDALL L. SKEEN  #2970
COOK, SKEEN & ROBINSON LLC
Attorney for Defendants
  Timothy Leehealy, Simon Whitburn and
  AccessData Corporation Limited
5788 South 900 East
Salt Lake City, Utah  84121
Telephone (801) 266-7414
Facsimile:  (801) 892-5067


*Attorneys for Defendants*
  *Timothy Leehealy, Simon Whitburn and AccessData Corporation Limited*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIVACY ASSURED INC.,<br><br>          Plaintiff,<br><br>vs.<br><br>ACCESSDATA CORPORATION LIMITED,<br>et al.,<br><br>          Defendants. | ACCESSDATA CORPORATION LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Case No.  2:16cv00275<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

Defendants Timothy Leehealy, Simon Whitburn and AccessData Corporation Limited,

by and through counsel, hereby submit this *Opposition to Plaintiff's Motion for Partial Summary

Judgment*.

**INTRODUCTION**

Plaintiff motion fundamentally relies on its purchase of the following property at auction:

> All contract rights of AccessData Corporation Limited including but not limited to any current and past contracts with and between AccessData Group, Inc.
>
> All choses in action of AccessData Corporation Limited including but not limited to choses in action for breach of contract, fraud, conversion, and any malpractice claims and choses in action including legal malpractice claims.
>
> All interests in intellectual property of AccessData Corporation Limited including but not limited to concepts, works, materials, trademarks, trade names, copyrights, service marks, patents, trade secrets, software, and other intellectual property of AccessData Corporation Limited.
>
> Any and all certificated and uncertificated shares of any incorporated entity belonging to AccessData Corporation Limited. ("**AD Corp Collateral**").

However, Plaintiff failed to give proper notice of the auction for the AD Corp Collateral, and therefore, did not property acquire title to any of ACL's property. As the result, the entire basis for Plaintiff's *Motion* fails.

## RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

ACL incorporates by reference, as if fully set forth herein, the responses to Plaintiff's Statement of Disputed Facts of AccessData Group, Inc., as set forth in its *Opposition to Partial Motion for Summary Judgment.* In addition, ACL provides the following responses:

**Fact 23.** Pursuant to a writ of execution issued by this Court, a constable's sale of AD Corp's assets was held on November 18, 2015. The assets to be sold included:

> All contract rights of AccessData Corporation Limited including but not limited to any current and past contracts with and between AccessData Group, Inc.
> All choses in action of AccessData Corporation Limited including but not limited to choses in action for breach of contract, fraud, conversion, and any malpractice claims and choses in action including legal malpractice claims.
>
> All interests in intellectual property of AccessData Corporation Limited including but not limited to concepts, works, materials, trademarks, trade names, copyrights, service marks, patents, trade secrets, software, and other intellectual property of AccessData Corporation Limited.

Any and all certificated and uncertificated shares of any incorporated entity belonging to AccessData Corporation Limited. ("**AD Corp Collateral**").

**Response to Fact 23.** Disputes, Plaintiff's *Writ* was incomplete and it was never served. *See Declaration of Timothy Leehealy, Paras. 2-4.*  Accordingly, the auction was without legal force and effect.

**Fact 24.** At the constable's sale, Privacy-Assured purchased all right, title, and interest to the AD Corp Collateral, which was then conveyed to Privacy-Assured by a Certificate of Sale ("Certificate of Sale").

**Response to Fact 24.** Disputed.   Plaintiff's  Writ was incomplete and it was never served.  *See Declaration of Timothy Leehealy, Paras. 2-4*

**ARGUMENT**

I.   PRIVACY DID NOT PURCHASE ANY OF ACL'S PROPERTY AT AUCTION BECAUSE THE AUCTION WAS INVALID, AND PRIVACY HAS NO ENFORCEABLE RIGHTS UNDER THE *SHARED SERVICES AGREEMENT*

Under the Federal Rules of Procedure the process for obtaining a writ of execution is governed by the practices and procedures of the state in which the district court is located. *See* Fed. R. Civ. P. 69. Rule 64 of the Utah Rules of Civil Procedure outlines the procedure for obtaining writs generally.

Rule 64 requires that a post-judgment writ include the application for writ, a detailed description of the property, the judgment, and "notice of exemptions and reply form." Utah R. Civ. P. 64(d)(2)(C). Rule 64 further dictates that in order to effectively serve a writ, the writ must be served together with "accompanying papers on the defendant" (i.e., notice of exemption and reply form). A writ is only "effective upon service." Utah R. Civ. P. 64(d)(3)A). The notice of exemptions and reply form are not hyper-technical requirements, but rather have very practical

purposes. Specifically, they identify the debtor's rights with respect to the property, they outline the procedure for objecting to, or otherwise challenging the writ, and they provide the specific form necessary to request a hearing. They are necessary in order that the debtor's due process rights to notice be satisfied.

Simply, if service is defective because it fails to include all necessary documents and papers, the writ never becomes effective. Certainly if a writ is never served, it never becomes effective.

Here, the Plaintiff's *Writ* does not include necessary papers, specifically, the notice of exemptions and reply form. *See Application for Writ and Writ*, <u>Exhibit B</u>, hereto. It is therefore incomplete and defective. Furthermore, there is no evidence in the record that Plaintiff ever served the *Writ* on ACL. *See id*. (noting that there is no proof of service attached and no proof of service located on the Court docket). Further, ACL has not record of having received the *Writ* or any other component thereof via service. *See Declaration of T. Leehealey,* Exhibit A hereto.

It is well-settled that process (whether in the form of a complaint, judgment, writ or otherwise) is void if not properly served. *See Murdock v. Blake*, 484 P.2d 164, 28 (Utah 1971); *See e.g. Reader v. District Court of Fourth Judicial Dist. In and for Uintah County*, 94 P.2d 858 (Utah 1939). Such is the case here. Because the *Writ* in question was incomplete, process was also incomplete and could never be served. Further, because the *Writ* was never appropriately served, the *Writ* never became effective. Accordingly, the auction was without operation of law, and the Plaintiff took nothing at auction.

Because the Plaintiff's entire claim rests on its purported purchase of ACL's rights and property at auction, and because the auction was void as the result of failure of process, ACL took nothing, and its claims based on the property fail as a matter of law.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's *Motion for Summary Judgment*.

DATED this 9th day of September, 2019.

COOK, SKEEN & ROBINSON

/s/  Shawn H. Robinson
SHAWN H. ROBINSON
Attorney for Defendants
   Timothy Leehealy, Simon Whitburn
   and AccessData Corporation Limited

CERTIFICATE OF SERVICE

I certify that on this 9th day of September 2019, I caused a true and correct copy of the foregoing AccessData Corporation Limited's Opposition to Plaintiff's Motion for Partial Summary Judgment to be filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Timothy Dance
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Email:  tdance@swlaw.com
Attorney for Plaintiff, Privacy-Assured Corporation Limited


Jordan K. Cameron
Durham Jones & Pinegar PC
3301 N Thanksgiving Way, Ste 400
Lehi UT 84043
Email:  jcameron@djplaw.com

(Attorney for Defendant, AccessData Group, Inc.)




/s/ Mary L. Ballingham