SHAWN H. ROBINSON  #7295
RANDALL L. SKEEN  #2970
COOK, SKEEN & ROBINSON LLC
Attorney for Defendants
  Simon Whitburn and Timothy Leehealy
5788 South 900 East
Salt Lake City, Utah  84121
Telephone (801) 266-7414
Facsimile:  (801) 892-5067

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRIVACY-ASSURED INC.<br><br>    Plaintiff,<br><br>vs.<br><br>ACCESSDATA CORPORATION LIMITED, et al.<br><br>    Defendants. | MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No.  2:16cv00275<br><br>Judge Clark Waddoups<br>Magistrate Judge Brooke C. Wells |

Defendants, Timothy Leeehealy and Simon Whitburn, by and through counsel, and pursuant to the Utah Rules of Civil Procedure, hereby submit this Motion for Judgment on the Pleadings.

**RELIEF REQUESTED AND GROUNDS THERFEFOR**

Defendants Leehealy and Whitburn seek a judgment on the pleadings and dismissal with prejudice of Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action. The first seven Causes of Action of Plaintiff's Complaint are directed at Access Group, Inc.  Plaintiff's Eighth Cause of Action asserts a breach of fiduciary duty against Whitburn and Leehealy by asserting that they breached their fiduciary duties to AccessData Group, Inc.  Because Plaintiff does not have standing to

assert a breach of fiduciary duty claim against Whitburn and Leehealy by AccessData Corporation, judgment should be entered on the pleadings and all claims against Whitburn and Leehealy dismissed with prejudice.

## **STATEMENT OF FACTS ALLEGED BY PLAINTIFF AGAINST WHITBURN AND LEEHEALY**

1. On or before June 3, 2010, Leehealy became the Chief Executive Officer of ADA, LLC. and has served on its Board of Directors ever since, including after the company was converted to AD Group (see below).  (Complaint Para 13).

2. AD Corp was formed to be the international distributor of Access products.  (Complaint Para. 16).

3. At the time of the formation, Leehealy was the Chief Executive Officer of AD Corp.  (Complaint Para 17).

4. At its formation, Whitburn and Leehealy were AD Corp.'s sole directors and each owned one of the two outstanding shares in AD Corp.  (Complaint Para 18).

5. On September 1, 2009, Leehealy transferred his sole share in AD Corp. to "AccessData, Inc.", an entity that did not exist at the time, at 384 South 400 West, Suite 200, Lindon, Utah 84042.  (Complaint Para 19.).

6. Leehealy currently claims he has never transferred his interest in AD Corp., however, this statement contradicts his later corporate filings and the express terms of Agreements he later executed in 2013.  (Complaint Para 20).

7. On September 3, 2019, Whitburn transferred his sole share in AD Corp. to "AccessData, Inc.", an entity that did not exist at the time, at 384 South 400 West, Suite 200, Lindon, Utah 84042.  (Complaint Para 21).

8. On the AD Corp. Annual Return filed with the UK Government Companies House on May 7, 2010, AD Corp Directors Whitburn and Leelealy represented that they had transferred their stock interests to AccessData Inc., which did not exist at the time and that it was the sole shareholder of AD Corp's stock.  (Complaint Para 22).

9. On the amended Annual Return filed by AD Corp with Companies House on September 30, 2011, the AD Corp Directors Whitburn and Leehealy represented that the sole shareholder of AD Corp's stock was AccessData Group, LLC.  (Complaint Para 23).

10. On the Annual Return filed by AD Corp with Companies House on May 22, 2012, the AD Corp Directors Whitburn and Leehealy represented that the sole shareholder of AD Corp's stock was AccessData Group, LLC.  (Complaint Para 24).

11. On the Annual Return filed by AD Corp with Companies House on May 7, 2013, the AD Corp Directors Whitburn and Leehealy represented that the sole shareholder of AD Corp's stock was AccessData Group, LLC.  (Complaint Para 25).

12. On the Annual Return filed by AD Corp with Companies House on May 15, 2014, the AD Corp Directors Whitburn and Leehealy represented that the sole

shareholder of AD Corp's stock was AccessData Group, LLC.  (Complaint Para 26).

13. On the Annual Return filed by AD Corp with Companies House on April 30, 2015, the AD Corp Directors Whitburn and Leehealy represented that the sole shareholder of AD Corp's stock was AccessData Group, LLC.  (Complaint Para 27).

14. AD Corp, through its auditors, prepared audited financial statements for AD Corp for 2010 which were approved by directors Whitburn and Leehealy, wherein it states that the ultimate parent company of AD Corp is Access Data Group, LLC by virtue of their 100% ownership in AD Corp.  (Complaint Para 28).

15. AD Corp, through its auditors, prepared audited financial reports for AD Corp for 2011 which were approved by directors Whitburn and Leehealy, wherein it states that the ultimate parents company of AD Corp is AccessData Group, LLC by virtue of their 100% ownership in AD Corp.  (Complaint Para 29).

16. AD Corp, through its auditors, prepared audited financial reports for AD Corp for 2012 which were approved by the directors Whitburn and Leehealy wherein it states that the ultimate parent company of AD Corp is AccessData Group, LLC by virtue of their 100% ownership in AD Corp.  (Complaint Para 30).

17. AD Corp, through its auditors, prepared audited and financial reports for AD Corp for 2013 ("2013 Audited Financials") which were approved by the

   directors Whitburn and Leehealy wherein it states that the ultimate parent company of AD Corp is AccessData Group, LLC by virtue of their 100% ownership in AD Corp.  (Complaint Para 31).

18. The Shared Services Agreement was executed by Leehealy as CEO and Will Fountain as Associate General Counsel, though, importantly, it does not specify which individual is signing for which company.  (Complaint Para 36).

19. On August 14, 2015, seventy-seven (77) days *after* the Judgment was entered against AD Corp. (as discussed further below), R. Cater Pate, then CEO of AD Group sent a letter to Whitburn and Leehealy (the "**Pate Letter**").  (Complaint Para 41).

20. The Pate letter informs Whitburn and Leehealy of his alleged recent discovery that AD Group was not the owner or parent company of AD Corp, but rather that an investigation was carried out determining that each of Whitburn and Leehealy retained 50% ownership since April 2009.  (Complaint Para 42).

21. In addition to the Distributor Agreement with Privacy, AD Corp entered into several additional agreements including partner agreements, distributor agreements, and reseller agreements ("**Other AD Corp Agreements**") which were executed by principals of AD Group, namely, its associate general counsel Will Fountain, its General Counsel, Kate Paslin and Leehealy as CEO.  (Complaint Para 53).

22. Attached to the AD Corp Arbitration brief was the declaration of Whitburn ("**Whitburn Testimony**") which stated in part that Whitburn was "the

Executor Vice President of Global Sales for [AD Corp]." (Complaint Para 70).

23. The Whitburn Testimoney goes on to state he has "worked at [AD Corp] for the last six years in various capacities." (Complaint Para 71).

24. Upon information and belief the foregoing statements of Whitburn were false as Whitburn has never been employed by AD Corp but was always employed by Ad Group. (Complaint Para 72).

25. During the pendency of the Arbitration, Leehealy, as CEO or [sic] AD Group, directed the formation of a new entity, Resolutional Security ("**Resolution 1**") and transferred all of AD Group's interest in the Advanced Software products – the same products which were being sold under the Shared Services Agreement – into Resolution 1. (Complaint Para 84).

26. Specifically, AD Corp and AD Group have failed to observe the corporate formalities required to recognize AD Corp as a separate entity from AD Group. For example, AD Corp contracted with third parties, including Privacy, using AD Group's Utah business address, but AD Group itself is not registered with the Utah Division of Corporations and Commercial Code. Also, AD Group's principals and employees regularly execute contracts on behalf AD Corp including the Distributor Agreement and hold themselves out as AD Corp employees or principals. At all times relevant Leehealy was CEO and a board member of both AD Group and AD Corp. Additionally, all payments made to AD Corp were in fact paid into the AD Group bank account

at Silicon Valley Bank and all customers of AD Corp are invoiced and the work fulfilled by Ad Group. (Complaint Para 118).

27. While insolvent, Whitburn, as Director and Leehealy, as Director and chief executive officer of AD Corp, owed AD Corp and its creditors a fiduciary duty. As such, Whitburn and Leehealy had the duty to act with the utmost good faith and in the best interests of AD Corp. (Complaint Para 148).

28. Whitburn and Leehealy breached their fiduciary duties by, among other things, failing to enforce the Shared Services Agreement, thereby providing readily distributable cash to repay creditors, and by taking such positions and actions against Privacy as a creditor to cause AD Corp to incur additional and unnecessary exposure and expenses. (Complaint Para 149).

29. Leehealy also breached his fiduciary duties by directing the formation of Resolution 1 Security which deprived AD Corp from the benefit of cyber security products under the Shared Services Agreement and Privacy under the Distribution Agreement creating a unit to be sold to directly compete with AD Corp. (Complaint Para 150).

30. AD Corp was able to undertake such projects, such projects were in AD Corp's line of business, and would have been a practical advantage to the corporation. Moreover, AD Corp, with Leehealy as its Director and Chief Executive Officer, had an interest and reasonable expectancy of obtaining such projects. (Complaint Para 151).

31. Further, Leehealy breached his fiduciary duty to AD Corp by soliciting current and former customers and vendors of AD Corp to become customers

and vendors of AD Group and Resolution 1, all to the detriment of AD Corp and Privacy. (Complaint Para 152).

32. As a proximate result of Leehealy and Whitburn's actions, AD Corp has been damaged in an amount to be determined at trial, but believed to be at least the amount of the Judgment. (Complaint Para 153).

## LEGAL STANDARD

"A defense of failure to state a claim … may be raised any time before the court or jury determines the validity of a party's claim." *Mack v. Utah State Dep't of Commerce, Div. of Sec.,* 2009 UT 47¶ 14, 221 P.3d 194; *see also* Fed R. Civ. P. 12(h) ("[T]he defense of failure to state a claim upon which relief can be granted … may also be made … by motions for judgment on the pleadings.").

Judgment on the pleadings is permitted under Rule 12(c) of the Fed. Rules of Civil Procedure when "the moving party is entitled to judgment on the face of the pleadings themselves." *MBNA America Bank, N. A. v. Williams*, 2006 UT App 432, ¶2, 147 P.3d 536 (citing *Mountain Am. Credit Union v. McClellan*, 854 P.2d 590, 591 (Utah Ct. App. 1993).) All factual allegations of the non-moving party are taken as true, and all reasonable inferences drawn therefore are in light most favorable to the non-moving party. *See. Id.*

However, "mere conclusory allegations in a pleading, unsupported by a recitation of relevant surrounding facts, are insufficient to preclude dismissal." *See Chapman By & Through Chapman v. Primary Children's Hosp.* 784 P.2d 1181, 1186 (Utah 1989). In other words, the "sufficiency of the pleadings within a complaint 'must be determined by

the facts pleaded rather than the conclusions stated.'" *Fid. Nat. Title Ins. Co. v. Worthington*, 2015 UT App 19, ¶23, 344 P.3d 156.

## ARGUMENT

I. **PLAINTIFF FAILS TO PLEA ADEQUATE FACTS TO SUPPORT A BREACH OF FIDUCIARY DUTY CLAIM AGAINST WHITBURN AND LEEHEALY**

In a breach of fiduciary duty claim, the plaintiff must demonstrate the existence of a fiduciary relationship between a plaintiff and defendant, *Gables at Sterling Village Homeowners Association, Inc. v. Castlewood-Sterling Village 1, LLC*, 2018 UT 04417 P.3d 95, 111 (2018) citing *Christensen and Jensen*, 2008 UT 64, Paragraph 23, 194 P.3d 931, which gives rise to a "particular rise and enhance duty of date", *Id.,* citing *Martinez*, 842 P.2d at 252. *See* Duty, Black's Law Dictionary (10th Ed. 2014) (defining fiduciary duty as "[a] duty of utmost good faith, trust, confidence and candor owed by a fiduciary (such as an agent or a trustee) to the beneficiary"). Thus, a plaintiff must establish a relevant standard of care to prove a breach of fiduciary duty." *Id.*

It is important to note that neither Whitburn nor Leehealy ever worked for Plaintiff in any capacity. In its Complaint Plaintiff alleges that Whitburn and Leehealy breached their fiduciary duties to AccessData Corporation Limited. In its Complaint, Plaintiff presents no facts or evidence to demonstrate the existence of a fiduciary relationship between Plaintiff and Mr. Whitburn and Mr. Leehealy. In its Complaint, Plaintiff does not allege that Whitburn and Leehealy were agents or a trustee of Plaintiff.

Because Plaintiff's Complaint wholly fails to present sufficient facts to support a viable claim for breach of fiduciary duty against Mr. Whitburn and Mr. Leehealy, this Court should grant Defendants Whitburn and Leehealy's Motion for Judgment on the

pleadings and dismiss the Complaint in its entirety against Mr. Whitburn and Mr. Leehealy.

## CONCLUSION

For the foregoing reasons, Defendants Whitburn and Leehealy request that Plaintiff's claims against them be dismissed on the face of the pleadings.

DATED this 12th day of September, 2019.

                    COOK, SKEEN & ROBINSON

                    /s/  Shawn H. Robinson
                    SHAWN H. ROBINSON
                    Attorney for Defendants
                        Simon Whitburn and Timothy Leehealy

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of September, 2019, a true and correct copy of the foregoing Motion for Judgment on the Pleadings was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by e-mail to the following:

Timothy Dance
Snell & Wilmer LLP
15 W South Temple Ste 1200
Salt Lake City UT i4101
Email:  tdance@swlaw.com

(Attorney for Plaintiff)

Jordan K. Cameron
Durham Jones & Pinegar PC
3301 N Thanksgiving Way, Ste 400
Lehi UT 84043
Email:  jcameron@djplaw.com

(Attorney for Defendant, AccessData Group, Inc.)

<u>/s/ Mary L. Ballingham</u>
SECRETARY