Jordan K. Cameron (12051)
  jcameron@djplaw.com
DURHAM JONES & PINEGAR, P.C.
3301 N. Thanksgiving Way, Suite 400
Lehi, UT  84043
Telephone: (801) 375-6600
Facsimile: (801) 375-3865

Peter H. Donaldson (9624)
  pdonaldson@djplaw.com
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT  84110-4050
(801) 415-3000

*Attorneys for Defendant, AccessData Group, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIVACY ASSURED INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ACCESSDATA CORPORATION LIMITED, et al.,<br><br>Defendants. | ACCESSDATA GROUP, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION<br><br>Case No.  2:16cv00275<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

AccessData Group, Inc. ("ADG"), by and through counsel, hereby submits this *Motion*

*for Partial Summary Judgment on Plaintiff's Fourth, Fifth and Sixth Causes of Action.*

## INTRODUCTION

Plaintiff purportedly purchased all of AccessData Corporation Limited's ("ACL") interest "concepts, works, materials, trademarks, trade names, copyrights, service marks, patents, trade secrets, software, and other intellectual property" as part of the AD Corp. Collateral auction on November 18, 2015. Through its *Complaint*, the Plaintiff specifically defines this intellectual property as including title to FTK, MPE, and Triage, AD Lab, AD Enterprise, AD eDiscovery, AD ECA, Summation, Summation Pro, SilentRunner, and CIRT, and any other items of Software identified on AccessData's website along with all concepts, works, and materials related to such, and asserts two causes of action related thereto ("Intellectual Property"). Through, Plaintiff's Fourth Cause of Action for Quiet Title and its Fifth Cause of Action for Declaratory Judgment, Plaintiff seeks rulings from the Court that Plaintiff is the owner of the Intellectual Property that was owned by ACL. However, the writ through which the property was purportedly seized was incomplete and was never served on ACL. Therefore, it never became effective. Moreover, even if it were effective, the undisputed facts show that at no point in time did ACL ever own any of the Intellectual Property, and therefore Plaintiff could not purchase it or take title to it through auction. On this basis, Plaintiff's Fourth and Fifth Causes of Action fail as a matter of law and the Court should grant summary judgment in Defendant ADG's favor.

Similarly, Plaintiff purportedly purchased all of ACL's choses in action and other rights arising from the *Shared Services Agreement* at the same auction and pursuant to the same ineffective writ. Through its Sixth Cause of Action, Plaintiff asserts claims for breach of contract. However, the Plaintiff cannot assert a breach because the writ pursuant to which it purported to purchase the right was never effective. Furthermore, even if it were effective, the

undisputed evidence establishes that the contract was terminated in August 2015, before the November 18, 2015 auction, and there were no lingering rights, obligations or choses in action that existed at the time Plaintiff purported to purchase the collateral. Accordingly, the Court should grant summary judgment in ADG's favor.

## INCORPORATION OF RELATED BRIEFING

Pursuant to DUCivR 7-1(b)(1)(A), ADG hereby incorporates its *Opposition to Plaintiff's Motion for Partial Summary Judgment*, including all facts, arguments, authority, and exhibits filed therewith.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. ACL did not develop any products of their own. *See Trotter Depo.*, at 93:9-11, Exhibit 4, hereto; *see* Response to Interrogatory No. 2, Exhibit 3, hereto.

2. ACL was only a reseller of other's products. *See Trotter Depo.* at 93:15-17, Exhibit 4, hereto; *see J. Cook Depo.*, at 32:18-21, Exhibit 2, hereto.

3. ACL did not own any IP of any kind including FTK, MPE, and Triage, AD Lab, AD Enterprise, AD eDiscovery, AD ECA, Summation, Summation Pro, SilentRunner, and CIRT, and any other items of Software identified on AccessData's website along with all concepts, works, and materials related to such. *See LeeHealey Depo.* 81:17—83:9, Exhibit 1, hereto. *See* Response to Interrogatory No. 2, Exhibit 3, hereto; *see J. Cook Depo.*, at 48:1-12, 50:2-19, Exhibit 2, hereto.

4. The references to intellectual property such as FTK, MPE, and Triage, AD Lab, AD Enterprise, AD eDiscovery, AD ECA, Summation, Summation Pro, SilentRunner, and CIRT, on various agreements, including the *Distributor Agreement* between ACL and Privacy-

Assured, were typos. *See J. Cook Depo*. at 38:15—39:8, 39:15—40:6, 43:7-23, 48:1-12, 50:2-19, <u>Exhibit 2</u>, hereto.

     5.     On October 21, 2015, Privacy obtained a *Writ of Execution*. *See Writ*, <u>Exhibit 5</u>, hereto.

     6.     The *Writ* is incomplete as it does not include a notice of exemption and reply form. *See id*.

     7.     The *Writ* does not contain a proof of service. *See id*.

     8.     The *Writ* was never served on ACL. *See LeeHealey Decl.*, at ¶¶ 2-4, <u>Exhibit 6</u>, hereto.

## ARGUMENT

I.     THE COURT SHOULD GRANT SUMMARY JUDGMENT IN ADG'S FAVOR BECAUSE THE WRIT PURSUANT TO WHICH PRIVACY PURPORTED TO ACQUIRE ACL'S PROPERTY NEVER BECAME EFFECTIVE.

Under the Federal Rules of Procedure, the process for obtaining a writ of execution is governed by the practices and procedures of the state in which the district court is located. *See* Fed. R. Civ. P. 69. Rule 64 of the Utah Rules of Civil Procedure outlines the procedure for obtaining writs generally and requires that a post-judgment writ include the application for writ, a detailed description of the property, the judgment, and "notice of exemptions and reply form." Utah R. Civ. P. 64(d)(2)(C). Rule 64 further dictates that in order to effectively serve a writ, the writ must be served together with "accompanying papers on the defendant" (i.e., notice of exemption and reply form). A writ is only "effective upon service." Utah R. Civ. P. 64(d)(3)A).

Here, the Plaintiff's *Writ* does not include necessary papers, specifically, the notice of exemptions and reply form. *See Application for Writ and Writ*, *Exhibit 5*, hereto. It is therefore incomplete and defective.

Further, it is well-settled that process (whether om the form of a complaint, judgment, writ or otherwise) is void if not properly served. *See Murdock v. Blake*, 484 P.2d 164, 28 (Utah 1971); *See e.g. Reader v. District Court of Fourth Judicial* Dist. In and for Uintah County, 94 P.2d 858 (Utah 1939). Here, because the *Writ* in question was incomplete, process was also incomplete and could never be served. Moreover, and even more concerning, the *Writ* was never actually delivered to ACL. *See LeeHealey Decl.*, at ¶¶2-4, Exhibit 6, hereto. Because the *Writ* failed to include all necessary documents and papers, and was never actually delivered on ACL, service of the *Writ* was never effectuated and the *Writ* never became effective.

Plaintiff's motion fundamentally relies on its purchase of the following property at auction pursuant to the *Writ*:

> All contract rights of AccessData Corporation Limited including but not limited to any current and past contracts with and between AccessData Group, Inc.
>
> All choses in action of AccessData Corporation Limited including but not limited to choses in action for breach of contract, fraud, conversion, and any malpractice claims and choses in action including legal malpractice claims.
>
> All interests in intellectual property of AccessData Corporation Limited including but not limited to concepts, works, materials, trademarks, trade names, copyrights, service marks, patents, trade secrets, software, and other intellectual property of AccessData Corporation Limited.
>
> Any and all certificated and uncertificated shares of any incorporated entitybelonging to AccessData Corporation Limited. ("**AD Corp Collateral**").

*See Application for Writ and Writ*, <u>Exhibit 5</u>, hereto. However, the auction was void as the result of failure of process. Therefore, ACL took nothing at auction, and its claims based on the property (i.e., its fourth, fifth and sixth causes of action) fail as a matter of law.

II. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN ADG'S FAVOR ON PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION BECAUSE THE RIGHTS AND INTERESTS THAT PRIVACY PURCHASED AT AUCTION DID NOT EXIST.

Through its Fourth Cause of Action, Privacy seeks an order from the Court quieting title to certain intellectual property. Similarly, through its Fifth Cause of Action, Privacy seeks a declaration from the Court that Privacy is the owner of certain intellectual property. Privacy claims to have acquired rights to this property when it purported to purchase the ACL collateral at auction in November 2015. Therefore, a material component of each of these claims is that ACL actually owned intellectual property including: FTK, MPE, and Triage, AD Lab, AD Enterprise, AD eDiscovery, AD ECA, Summation, Summation Pro, SilentRunner, and CIRT, and any other items of Software identified on AccessData's website along with all concepts, works, and materials related to such.[1]

The undisputed evidence in this case conclusively establishes that ACL did not own any of the software or related intellectual property or any intellectual property of any kind. *See*

---

[1] As discussed in ADG's incorporated *Opposition to Plaintiff's Motion for Partial Summary Judgment*, one cannot acquire rights that do not exist. *See id.* at 9 (citing: *Wiscombe v. Lockhart Co.*, 608 P. 2d 236 ("An assignment merely sets over or transfers the interest of one party in certain property to another."); *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs.* (citing 6 Am.Jur.2d Assignments § 144 (1999) for the premise that an assignee can acquire no right superior to those held by the assignor, and "simply stands in the shoes of the assignor*"); see Costanzo v. Costanzo*, 590 A.2d 268, 271 (Sup. Ct. N.J. 1991) (holding that a right to a chose in action cannot be assigned if it is "not in existence or cannot be identified"); *University Mews Associates v. Jeanmarie*, 471 N.Y.S.2d 457, 439 (Sup. Ct. N.Y. 1983) ("In the absence of statute, a right or interest is assignable only if at the time of assignment it had an actual or potential existence."))

*LeeHealey Depo.*, 81:17—83:9 <u>Exhibit 1</u>, hereto. *See* Response to Interrogatory No. 2, <u>Exhibit 3</u>, hereto; *see J. Cook Depo.*, at 38:15—39:8, 39:15—40:6, 43:7-23, 48:1-12, 50:2-19, <u>Exhibit 2</u>, hereto; *Trotter Depo.*, at 93:9-11, <u>Exhibit 4</u>, hereto. All ACL owned was a contractual right to resell ADG software, which right terminated in 2015. *See Trotter Depo.* at 93:15-17, <u>Exhibit 4</u>, hereto; *see J. Cook Depo.*, at 32:18-21, <u>Exhibit 2</u>, hereto.

Because ACL did not own any of the software or intellectual property to which Privacy attempts to take title and ownership through its Fourth and Fifth Causes of Action, the claims fail and the Court should grant summary judgment in ADG's favor.

III. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN ADG'S FAVOR ON PLAINTIFF'S SIXTH CAUSE OF ACTION BECAUSE THE RIGHTS AND INTERESTS THAT PRIVACY PURCHASED AT AUCTION DID NOT EXIST.

Pursuant to DUCivR 7-1(b)(1)(A), ADG hereby incorporates its *Opposition to Plaintiff's Motion for Partial Summary Judgment*, including all facts, arguments, authority, and exhibits filed therewith. By way of summary, Plaintiff cannot prove its case for breach of contract because the undisputed evidence compels the conclusion that: ACL did not perform under the contract and therefore is precluded from enforcing its rights as a matter of law; ADG performed its obligations under the contract, to the extent it was required to do so; and ACL did not suffer any damages as the result of any alleged breach. Furthermore, with respect to Plaintiff's claim that ADG is responsible for ACL's Arbitration Judgment through the *Shared Services Agreement*, there is no express obligations in the agreement that could possibly be construed to assign liability for the Arbitration Judgment to ADG, and the claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, ADG respectfully requests that this Court enter summary judgment in ADG's favor on Plaintiff's Fourth, Fifth and Sixth Causes of Action.

DATED this 13th day of September, 2019.

DURHAM JONES & PINEGAR, P.C.


/s/ Jordan K. Cameron
Peter H. Donaldson
Jordan K. Cameron
Attorneys for Defendant AccessData Group, Inc.

CERTIFICATE OF SERVICE

      I certify that on this 13th day of September 2019, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Timothy Dance  
Snell & Wilmer L.L.P.  
15 West South Temple, Suite 1200  
Salt Lake City, Utah 84101  
Email:  tdance@swlaw.com  
Attorney for Plaintiff, Privacy-Assured Corporation Limited

Shawn H. Robinson  
COOK, SKEEN & ROBINSON LLC  
5788 South 900 East  
Salt Lake City, Utah 841212  
Email:  srobinsonlaw@hotmail.com  
Attorney for Defendants AccessData Corporation Limited, Timothy Leehealey, Simon Whitburn

      /s/ Kim Altamirano