Timothy J. Dance (11553)
Alan L. Sullivan (3152), *of counsel*
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: tdance@swlaw.com
           asullivan@swlaw.com

*Attorneys for Plaintiff Privacy-Assured Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIVACY-ASSURED INC., a Canadian Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ACCESSDATA CORPORATION LIMITED, a Corporation organized under the laws of England and Wales, ACCESSDATA GROUP, INC., a Delaware Corporation, TIMOTHY LEEHEALEY, an individual, SIMON WHITBURN, an individual, and JOHN DOES 1-10<br><br>    Defendants. | **PLAINTIFF'S REPLY MEMORANDUM IN RESPONSE TO DEFENDANT ACCESSDATA CORPORATION LIMITED'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><br>Case No. 2:16-cv-00275-CW<br><br>Judge Clark Waddoups |

Plaintiff Privacy-Assured Inc. ("**Privacy-Assured**") respectfully submits this reply memorandum in response to defendant AccessData Corporation Limited's Opposition, dated September 9, 2019 ("**Opposition")**, to Plaintiff's Motion for Partial Summary Judgment.

## SUMMARY

The Opposition argues that the execution sale was void because Privacy-Assured's Writ of Execution was allegedly incomplete and was allegedly not served on the judgment debtor,

defendant AccessData Corporation Limited ("**AD Corp).**   The record shows, however, that the constable conducting the execution sale lawfully served the Writ of Execution and the standard notice of exemptions and reply form by personal service at AD Corp's offices in Lindon, Utah. The record also shows that the Writ of Execution (including notice of the execution sale) was automatically served on counsel of record for AD Corp, Mr. Leehealey, and Mr. Whitburn through the Court's electronic court filing system on October 21, 2015, about a month before the sale.  Beyond all of this, the Opposition's argument should be rejected as an unlawful collateral attack on the execution sale process.

### UNDISPUTED FACTS

AD Corp's Opposition contests only Fact 23 and Fact 24 of the Statement of Undisputed Facts in Privacy-Assured's motion for partial summary judgment.  In that regard, AD Corp alleges that Privacy-Assured's Writ of Execution was incomplete because, according to AD Corp, it omitted the standard notice of exemption and reply form.  And in any event, according to AD Corp, the Writ was never served on AD Corp, as the judgment debtor.  As support for these contentions, AD Corp offers the Declaration of Timothy Leehealey stating that, to his knowledge, AD Corp was never served with the Writ of Execution.

According to his deposition in this case, Mr. Leehealey resides in Newport Beach, California.  It is significant, therefore, that his declaration does not describe any effort on Mr. Leehealey's part to investigate whether AD Corp's corporate office in Lindon, Utah, was actually served with the Writ of Execution, and he does not indicate whether his counsel was served with it.  As shown in the additional undisputed facts below, AD Corp received personal service of the Writ of Execution (including notice of the execution sale and all the standard exemption and reply forms) about a month before the scheduled sale, and his attorneys received notice through the Court's ECF system on the day the Writ was filed.

2

Throughout his March 2019 deposition in the present case, Mr. Leehealey testified that he could remember virtually nothing about the facts of this dispute. *See Plaintiff's Reply to Defendant AccessData Group, Inc.'s Opposition to Motion for Partial Summary Judgment* (September 23, 2019) at 3-4. It is therefore not surprising that Mr. Leehealey would be unaware of details of service made on AD Corp and its counsel four years ago.

## ADDITIONAL UNDISPUTED FACTS

1.  On October 8, 2015, Shawn Robinson and Randall Skeen of Cook, Skeen & Robinson entered their appearance in this Court's Case No. 2:14-cv-00722 (the "**Judgment Collection** Action"), as counsel for AD Corp. Doc. No. 40. Up to that point, these defendants had been represented by Milo Steven Marsden of Dorsey & Whitney. On October 29, 2015, the Court granted Mr. Marsden's motion for leave to withdraw. Doc. No. 63.

2.  On October 21, 2015, a Writ of Execution (the "**Writ**") was issued in the Judgment Collection Action and notice of the November 18, 2015 execution sale was automatically sent to all parties. Doc. No. 59. This notice, sent through the Court's ECF system, was thus complete after Mr. Robinson and Mr. Skeen had entered their appearances and before Mr. Marsden withdrew.

3.  On or about October 22, 2015, Silvan Warnick, a licensed constable in the state of Utah, was requested to levy and execute by public sale on the collateral described in the Writ. *See Declaration of Silvan Warnick* ("**Warnick Declaration**") at 2.

4.  In accordance with the terms of the Writ, Constable Warnick set a sale date of November 18, 2015 at 10:00 a.m. at his offices at 43 W. 9000 S., Sandy, Utah. *See Warnick Declaration* at 3.

5.  Constable Warnick personally served a copy of the Writ on AD Corp, as judgment debtor, along with all accompanying filings, exemption forms, and reply and request for hearing forms. Constable Warnick made service at AD Corp's offices in Lindon, Utah on

November 4, 2015.  *See Warnick Declaration* at 4. A copy of the Affidavit of Service is attached hereto as Exhibit 1.

6.      In addition, Constable Warnick posted notice of the execution sale in the federal courthouse and in at least three other public places in Salt Lake County.  *See Warnick Declaration* at 5.

7.      Constable Warnick also published notice of the execution sale of all items contained within the Writ in the Intermountain Commercial Record for November 17, 2015, and online at Utahlegals.com. *See Warnick Declaration* at 6. A copy of the Affidavit of Publication is attached hereto as Exhibit 2.

8.      On November 18, 2015 Constable Warnick conducted the execution sale in accordance with the terms of the Writ and sold the property to Privacy-Assured Inc., as set forth in the Certificate of Sale dated November 21, 2015, in the Judgment Collection Action. *See Warnick Declaration* at 7.

### ARGUMENT

### I.      The Constable's Execution Sale Was Lawful

The constable's execution sale was held in full compliance with the terms of the Writ, with Rule 64, Federal Rules of Civil Procedure, and with Rules 64E and 69B, Utah Rules of Civil Procedure.  Federal Rule 64(a) directs the Court to the rules of the state in which the Court is located for the procedure for seizing property to secure satisfaction of a judgment. Pursuant to Rule 64E, Utah Rules of Civil Procedure, a writ of execution is available to seize property in the possession or under the control of the defendant following entry of a final judgment. Utah Rule 69B(b) states, "The officer shall set the date, time and place for sale and serve notice thereof on the defendant . . . ." The same rule then states, "The officer shall publish notice of the date, time and place of sale as follows . . . ." *Id.*  Utah Rule 64(a)(10) defines

4

"serve" for purposes of Rule 69B as "any method of service authorized by Rule 5," as opposed to Rule 4.

Utah Rule 5(b) requires service upon a party's attorney where the party is represented by counsel.  Under Utah Rule 64, if a party with an interest is not given notice in accordance with the rules, the party may object to the writ of execution any time before the property is sold.  If there is no objection, the constable may proceed with the sale pursuant to Utah Rule 64E(d)(3).  Accordingly, lack of notice to parties is not sufficient to invalidate the Writ of Execution, and a defect in service does not necessarily mean that the sheriff's sale must be set aside. *See Pyper v. Bond*, 2011 UT 45, ¶ 15 (stating that a sheriff's sale may be set aside where the price is "grossly inadequate" and there are "irregularities during the sale that contributed to the inadequacy of price or circumstances of unfairness").

AD Corp's Opposition alleges that "there is no evidence in the record that Plaintiff ever served the Writ on AD Corp" and that AD Corp has no "record of having received the Writ or any other component thereof via service." *Opposition* at 4.   This allegation, however, is mistaken as a matter of law.  For purposes of Utah Rule 64, service was complete the moment AD Corp's two sets of attorneys (at Cook, Skeen & Robinson and at Dorsey & Whitney) received notice of the Writ though the Court's ECF notification system on October 21, 2015.  Beyond this, Constable Warnick personally served notice on AD Corp's offices, posted notice as required by law, and published notice of the execution sale.  Neither AD Corp nor any other party objected to the Writ or the execution sale.  Because notice and service were proper, AD Corp was properly divested of its collateral.  *See Lamoreaux v. Black Diamond Holdings, LLC,* 2013 UT App 32, 296 P.3d 780.

### II. The Opposition is an Unlawful Collateral Attack on the Execution Sale

AD Corp's Opposition improperly attempts to attack the execution sale in the present case after having failed to raise its concerns in the Judgment Collection Action.  It has long been

4838-2387-9334.1

the rule in Utah that an execution sale cannot be attacked in a collateral proceeding. *Bangerter v. Petty*, 228 P.3d 1250 (2010). Courts universally require such attacks to be made in the case in which the execution occurs, so that they can be promptly and efficiently adjudicated. Utah has consistently followed this general principle and has refused to hear collateral attacks on sheriff's sales. *See Acott v. Union Carbide Nuclear Co. (Acott II )*, 10 Utah 2d 140, 349 P.2d 620 (1960).

*Acott II* was an affiliate action to *Acott v. Tomlinson*, 9 Utah 2d 71, 337 P.2d 720 (1959) (*Acott I* ), in which a sheriff's deed was issued to Union Carbide. In *Acott II*, third party defendant/appellant Tomlinson asked that the sheriff's sale be declared void, arguing that Union Carbide "knew or should have known that the execution sale was wrongful." Id. The *Acott II* court held that Tomlinson's claim was improper because it was an attempted collateral attack on the title and therefore impermissible

Here, as in *Acott II* , the constable was authorized under the Writ to conduct the sale and did so.  AD Corp, who was represented in the Judgment Collection Action by its present counsel as well as Dorsey & Whitney, failed to contest the Writ and failed to object to the sale.  The nature of the defect complained of by AD Corp, even if true, would merely make the sale voidable, and its failure to raise that claim in the Judgment Collection Action disqualifies it from relief in this case.

CONCLUSION

AD Corp received all notice to which it was entitled, and it failed to act.  Further, AD Corp's Opposition is an improper collateral attack on the sale.  Since the execution sale was lawfully conducted, the Court should enter Summary Judgment in favor of Privacy-Assured on its Sixth Cause of Action.

6

DATED this 23rd day of September, 2019.

**SNELL & WILMER L.L.P.**

  /s/ Timothy J. Dance
Timothy J. Dance
Alan Sullivan, *of counsel*
*Attorneys for Plaintiff Privacy-Assured Inc.*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of September, 2019, a true and correct copy of the

foregoing PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT TO MOTION FOR

PARTIAL SUMMARY JUDGMENT was served via CM/ECF to the following:

**Randall L Skeen**
COOK SKEEN & ROBINSON
5788 S 900 E
SALT LAKE CITY, UT 84121-2178
(801)266-7414
Email: rskeen@skeenandrobinson.com

**Shawn H. Robinson**
COOK SKEEN & ROBINSON
5788 S 900 E
SALT LAKE CITY, UT 84121-2178
(801)266-7414
Email: srobinsonlaw@hotmail.com

**Jordan K. Cameron**
DURHAM JONES PINEGAR PC
3301 N THANKSGIVING WY STE 400
LEHI, UT 84043
(801) 375-6600
Email: jcameron@djplaw.com

**Peter H. Donaldson**
DURHAM JONES & PINEGAR
111 S MAIN ST STE 2400
PO BOX 4050
SALT LAKE CITY, UT 84110-4050
(801)415-3000
Email: pdonaldson@djplaw.com

  /s/ Timothy J. Dance

8